**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 12-21690-CIV-WILLIAMS**

SERGIO DOMINGO, *et al.*,

Plaintiffs,

vs.

AMTEC, LLC, *et al.*,

Defendants.
_______________________/

**ORDER**

**THIS MATTER** is before the Court upon Cross-Claimant Linda Johnson's Motion for Default Judgment (DE 105). This is an action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), in which Linda Johnson is a named Defendant. On May 28, 2013, Ms. Johnson filed a Cross-Claim against Co-Defendant and Cross-Defendant Acquireco Florida, LLC, asserting a claim for indemnification under an agreement between Ms. Johnson and Acquireco (DE 98). On May 29, 2013, Ms. Johnson filed proof of service of the Cross-Claim on Acquireco (DE 99). Because Acquireco failed to answer or otherwise appear in the time required, Ms. Johnson moved for the Clerk's entry of default on her Cross-Claim against Acquireco on June 14, 2013 (DE 103), and the Clerk entered default the same day (DE 104).

In the present Motion, Ms. Johnson requests that the Court now enter default judgment against Acquireco both under Federal Rule of Civil Procedure 55(b) and the Court's inherent power to monitor litigation closely and sanction for abusive practices as provided for in the common law. (DE 105, Mot. for Default J. at 3.) As an initial matter,

the Court declines to enter a default judgment as a sanction against Acquireco under the Court's common law inherent power, finding instead that Rule 55(b), which provides for the Court's entry of default judgment, applies aptly in this instance.

Ms. Johnson asks the Court to enter a final default judgment under Rule 55(b) that determines both the liability of Acquireco to indemnify her losses and a final amount of damages. However, her request is premature. Because Ms. Johnson's claim against Acquireco is for indemnification of any damages she incurs in a judgment for Plaintiffs and against her in this action, and this action has not yet been litigated, the final amount of Ms. Johnson's damages cannot yet be determined. Even in the default judgment context, federal law "requires a judicial determination of damages absent a factual basis in the record," and a court "has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). There is simply no way for the Court to make a determination of Ms. Johnson's damages related to her indemnification Cross-Claim at this stage of the litigation.

In addition, the Motion fails to make the requisite showing that the indemnification clause contained in the contract between Ms. Johnson and Acquireco would encompass damages incurred by Ms. Johnson in Plaintiffs' suit against her for alleged violations of the FLSA. (*See* Mot. for Default J. at 4.) "[A] default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). That is, a default is not "an absolute confession by the defendant of his liability and the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not

be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004). Any subsequent Motion for Default Judgment must demonstrate Ms. Johnson's entitlement to relief under the indemnification clause.

Accordingly, it is **ORDERED AND ADJUDGED** that Cross-Claimant Linda Johnson's Motion for Default Judgment is **DENIED WITHOUT PREJUDICE**, and she may re-file it when her damages against Acquireco, if any, can be determined.

**DONE AND ORDERED** in chambers in Miami, Florida, this 20 day of June, 2013.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE